UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 27, 2017

Ying-Jun Chen
20451 Fitzhugh Court
Potomac Falls, VA 20165

Nicholas Edward Johansson
Office of the Attorney General
300 W. Preston St.
Suite 302
Baltimore, MD 21201

      RE:    *Ying-Jun Chen v. Maryland Department of Health and Mental Hygiene, et al.*;
            Civil No. ELH-15-1796

Dear Counsel and Mr. Chen:

      On June 18, 2015, Plaintiff Ying-Jun Chen filed a complaint against his former employers, the Maryland Department of Health and Mental Hygiene ("MDHMH") and the Maryland Health Care Commission ("MHCC"), and several agency personnel, alleging harassment and discrimination based on national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), the Fourteenth Amendment to the United States Constitution, and Article 26 of the Maryland Declaration of Rights. [ECF No. 1]. The case has been referred to me by Judge Hollander to resolve Defendants' Motion to Compel Discovery Responses, [ECF No. 43].[1] [ECF No. 44]. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth herein, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

I.    BACKGROUND

      In early 2017, Defendants served Plaintiff with a discovery request seeking Plaintiff's income records, tax returns, and other financial information for the period from 2005 to the present. [ECF No. 43]; *see* [ECF No. 40]. On February 10, 2017, Plaintiff objected to Defendants' request on the grounds that his financial records contained "privileged and private" information. [ECF No. 43, Ex. 1]; *see* [ECF No. 45]. However, Plaintiff also produced a selection of his pay stubs from the period requested. *Id.* On March 15, 2017, Defendants

---

[1] Although Plaintiff did not file an opposition to Defendants' motion, Plaintiff responded to the instant motion in his April 17, 2017 Status Report. [ECF No. 46]. Because the pleadings of *pro se* litigants, such as Plaintiff, are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), I have interpreted Plaintiff's Status Report as a timely opposition.

responded to Plaintiff's objection, arguing that the requested records "directly pertain[ed] to [Plaintiff's] lost wages claim" and were not privileged. [ECF No. 43, Ex. 1]. On March 17, 2017, Plaintiff stated that he would only "provide [Defendants] with [the requested records] in the context of negotiating for a settlement agreement," and would "present them to [Defendants] if/when [the] settlement conference resumes." [EXF No. 43, Ex. 2]. However, Plaintiff refused to otherwise submit the requested records. Subsequently, on April 17, 2017, Defendants filed the instant motion to compel. [ECF No. 43].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Federal Rule 34, which governs requests for document production, permits parties to request the production of any documents or electronically stored information within another party's possession, custody, or control. Fed. R. Civ. P. 34(a).

## III. DISCUSSION

Defendants ask this Court to compel Plaintiff's financial records in order to verify Plaintiff's claim that he "has lost wages and has been unable to secure employment since January 2012." [ECF No. 43]. Specifically, Defendants request that Plaintiff produce:

> Pay stubs, payroll records, earnings records, and all other documents (including ESI) relating to any and all sources of income or earnings for the period from 2005 to the present, including, but not limited to, your state, federal, and local income tax returns, W-2 and 1099 forms, and all other forms, schedules and attachments, any pay stubs, payroll records, documents pertaining to retirement benefits and plans, health insurance, wages, salary and any other compensation from any source whatsoever.

[ECF No. 43, Ex. 1]. In opposition, Plaintiff contends that Defendants' proposed discovery is unwarranted because it seeks "privileged and private" information.[2] *Id*.

---

[2] Plaintiff also contends that Defendants' motion is untimely. [ECF No. 46]. Specifically, Plaintiff argues that Defendants failed to file the instant motion within thirty days as required by Local Rule 104.8. *Id.* (citing Loc. R. 104.8(a) (D. Md. 2016)) ("If a party who has propounded interrogatories or requests for production is dissatisfied with the response to them…that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response."). Although Plaintiff correctly notes that Defendants' motion is untimely, Defendants engaged in extensive good faith negotiations with Plaintiff over the past two months to resolve this and other discovery disputes. *See* [ECF No. 43]. Consequently, "[t]he only remaining dispute" before the Court "is Plaintiff's response to Request for Production No. 13[.]" *Id*. Moreover, while this Court could find under the Local Rules and Federal Rule of Civil Procedure 33 that Defendants waived their right to compel the requested discovery, "it is also a truism

Under Federal Rule of Civil Procedure 26(b)(1), Defendants are entitled to discover Plaintiff's "pay stubs, payroll records, earnings records," "W-2 and 1099 forms," and "all other documents (including ESI) relating to any and all sources of income or earnings," including any "documents pertaining to retirement benefits and plans, health insurance, wages, salary and any other compensation[.]" [ECF No. 43]. Defendants' requested records directly pertain to Plaintiff's lost wages claim and are relevant to the determination of Plaintiff's damages. *See Neel v. Mid-Atl. of Fairfield, LLC*, No. SAG-10-CV-405, 2012 WL 3264965 (D. Md. Aug. 9, 2012) (permitting discovery of payroll, income, health insurance, and other records in lost wages claim to determine damages); *see also Peters v. Baltimore City Bd. of Sch. Comm'rs*, No. CIV. WMN-13-3114, 2014 WL 4187307, at *7, n.1 (D. Md. Aug. 21, 2014) (noting that "W–2s and payroll records…are ordinarily discoverable in the employment law context[.]"). Although Plaintiff objects to Defendants' request on the grounds of privilege, Plaintiff failed to provide a privilege log or "describe the nature of the withheld documents or communications, as required by the Local Rules and Federal Rule of Civil Procedure 26(b)(5)(A)." *Hake v. Carroll Cty., Md.*, No. CIV. WDQ-13-1312, 2014 WL 3974173, at *9 (D. Md. Aug. 14, 2014) (citing Local Rule App'x A, Guideline 10 (D. Md. 2014) and Fed. R. Civ. P. 26(b)(5)(A)); *see Anderson v. Caldwell Cnty. Sheriff's Office*, 1:09cv423, 2011 WL 2414140, at *2 (W.D.N.C. June 10, 2011) (internal quotation marks and citation omitted) (holding that "[a] party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege."). Moreover, Plaintiff appears to have waived any applicable privilege or protection by intentionally producing several pay stubs from the period requested. *See* Fed. R. Evid. 502(b). Therefore, "[t]o the extent that Plaintiff asserts a continued objection to [Defendants'] request to payroll documents on the basis of privilege after disclosing those documents voluntarily to the Defendant[s], the Court finds such objections without merit." *Peters*, 2014 WL 4187307, at *4.

However, Defendants' request must be modified because the burden associated with the requested discovery is significantly disproportional to what is in dispute in this litigation. Most significantly, Defendants seek financial records that predate Plaintiff's termination. [ECF No. 43]. Specifically, although Plaintiff was terminated on January 18, 2012, Defendants seek records regarding Plaintiff's finances from 2005 to the present.[3] *Id.* Discovery of Plaintiff's records prior to his termination bears minimal relevance to his lost wages claim and "has the potential to uncover intrusive information that is not relevant to the present action." *Peters*, 2014

---

of civil litigation that [document requests] are seldom answered on time." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 654 (D. Md. 1997). Indeed, "this Court's Discovery Guideline 8 acknowledges the common difficulty encountered by counsel when trying to submit discovery responses within the short timeframe mandated by the Federal Rules[.]" *Montgomery v. CSX Transportation, Inc.*, No. SAG-14-1520, 2015 WL 6560447, at *9 (D. Md. Oct. 28, 2015). Accordingly, given Defendants' concerted efforts to resolve the parties' discovery disputes, the Court will address Defendants' motion on the merits.

[3] Although Defendants' request seeks records "for the period from 2005 to the present," Defendants allege in their motion that "[t]he only remaining dispute is Plaintiff's response to Request for Production No. 13 for the time period <u>2010 through the present</u>." [ECF No. 43] (emphasis added). Defendants have not explained this disparity. Regardless, for the reasons stated above, Defendants' request will be limited to Plaintiff's records from the date of his termination to the present.

WL 4187307, at *5; *see Singletary v. Sterling Transport Co.*, 289 F.R.D. 237, 241-42 (E.D. Va. 2012) (finding that subpoenas seeking the plaintiff's entire employment file from former employers, which was "not limited to seeking only those documents relevant" to his claims were "overly broad on their face"). Considering the relatively low utility of Plaintiff's financial records prior to his termination, and the considerable burden in producing those records from the last twelve years, Defendants' request will be limited to the period from January 18, 2012, the date of Plaintiff's termination, to the present. Additionally, because Plaintiff's financial records contain sensitive information, they should be produced under a confidential designation for attorney's eyes only. *Randolph v. ADT Sec. Servs., Inc.*, No. DKC 09-1790, 2012 WL 2234362, at *11 (D. Md. June 14, 2012).

However, I am unpersuaded that Defendants are entitled to discover Plaintiff's tax returns. Although the Fourth Circuit has not developed a clear rule as to the discoverability of tax returns, in general, disclosure of tax returns is disfavored. *Susko v. City of Weirton*, No. 5:09-CV-1, 2010 WL 3584425, at *3 (N.D. W.Va. Sept. 10, 2010) ("Judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns"); *Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.*, 96 F.R.D. 147, 148-49 (E.D. Va. 1982) ("A 'qualified' privilege emerges from the case law that disfavors the disclosure of income tax returns as a matter of general federal policy"). "The majority rule that has emerged from federal case law is that a two-prong test should be applied to determine if the qualified privilege protecting tax returns is overcome." *Hastings v. OneWest Bank, FSB*, No. GLR-10-3375, 2013 WL 1502008, at *2 (D. Md. Apr. 11, 2013) (internal citations omitted). "Under this test, tax returns are discoverable if (1) they are relevant to a matter in dispute; and (2) they are needed, because the information is not available from other sources." *Id*. "The party seeking disclosure carries the burden to show that the tax returns are relevant, and the resisting party carries the burden to identify an alternate source of the information." *Id*.

Here, it is clear that Plaintiff's tax returns are relevant. Specifically, Plaintiff's tax returns would demonstrate whether Plaintiff accrued any income since his termination, and therefore whether Plaintiff has a valid claim for lost wages. However, applying the two-prong test, the information in Plaintiff's tax returns is readily obtainable from the records noted above. Indeed, Plaintiff's payroll records, income records, and W-2s and 1099 forms will provide Defendants adequate evidence to verify Plaintiff's claim that he "has lost wages and has been unable to secure employment since January 2012." [ECF No. 43]. Moreover, Defendants present no compelling reason to obtain Plaintiff's tax returns in light of the discovery granted. Ultimately, "while there may be cases in which a party's tax returns may be discoverable, disclosure should not be ordered without a showing, absent here, why less intrusive financial information would not suffice." *Hastings*, 2013 WL 1502008, at *2. Accordingly, Plaintiff will not be required to produce his tax returns.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Compel Discovery Responses, [ECF No. 43], is GRANTED IN PART and DENIED IN PART. Defendants are entitled to

discover Plaintiff's "pay stubs, payroll records, earnings records," "W-2 and 1099 forms," and "all other documents (including ESI) relating to any and all sources of income or earnings," including any "documents pertaining to retirement benefits and plans, health insurance, wages, salary and any other compensation from any source whatsoever" for the period from January 18, 2012 to the present.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge