FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 APR 24 PM 3: 16
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YING-JUN CHEN,
*Plaintiff,*

v.

Civil Action No.: ELH-15-01796

MARYLAND DEPARTMENT OF
HEALTH AND MENTAL HYGIENE, et al.,

*Defendants.*

## MEMORANDUM

In this employment discrimination action, self-represented plaintiff Ying-Jun Chen filed suit against his former employers, the Maryland Health Care Commission ("MHCC") and the Maryland Department of Health and Mental Hygiene ("MDHMH" or the "Department"),[1] as well as several individuals in their official capacities: the former Secretary of MDHMH, Van T. Mitchell; the Acting Executive Director of MHCC, Michael Steffen; and the Director of Administration for MHCC, Bridget Zombro. *See* ECF 14 ("Amended Complaint"). Chen, who is Chinese American, alleged that he was terminated from employment as a result of discrimination based on national origin, in violation of Title VII of the Civil Rights Act of 1964, codified, as amended, at 42 U.S.C. §§ 2000e *et seq.*

By Memorandum Opinion (ECF 56) and Order (ECF 57) of March 14, 2018, I granted defendants' post-discovery motion for summary judgment (ECF 48). On March 23, 2018, Chen filed a "Motion To Amend The Order Pursuant To F.R.C.P. 52(b)." *See* ECF 58 (the "Motion").

---

[1] The Maryland Department of Health and Mental Hygiene was renamed in July 2017, and is now known as the Maryland Department of Health. *See* Md. Code (2015, 2017 Supp.), §§ 1-101, 2-101, 2-102 of the General Health Article.

Defendants filed an opposition to the Motion on April 6, 2018. ECF 59. Chen did not filed a reply (*see* Docket) and the time to do so has expired. *See* Local Rule 105.2.a.

On April 12, 2018, Chen filed a Notice of Appeal (ECF 60), which was docketed on April 13, 2018. He seeks appellate review of this Court's Memorandum Opinion (ECF 56) and Order of March 14, 2018 (ECF 57) by the United States Court of Appeals for the Fourth Circuit.[2]

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## Discussion

The Motion seeks relief, pursuant to Fed. R. Civ. P. 52(b). *See* ECF 58 at 1. However, Rule 52 relates to findings of fact and conclusions of law made with respect to a trial. *See* Fed. R. Civ. P. 52; *see also* 9C CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE, §§ 2571, 2582 (3d ed.). Rule 52(b) is not applicable here.

However, the Court is mindful of its obligation to construe liberally the filings of a pro se litigant, which are held to less stringent standards than filings drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Because the Motion was filed within 28 days following entry of the Order of March 14, 2018 (ECF 57), I shall construe the Motion under Fed. R. Civ. P. 59(e).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states, *id.*: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

---

[2] Under Fed. R. App. P. 4(B)(i), when a party "files a notice of appeal after the court announces or enters a judgment" but "before" the court "disposes of", *inter alia*, a motion filed pursuant to Rule 52(b), Rule 59(e), or Rule 60(b), "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." *Id.*; *see also* Fed. R. App. P. 4(A)(i)–(vi).

judgment." A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

There are three grounds for granting a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Notably, a Rule 59(e) motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 WRIGHT & MILLER, § 2810.1 (2d ed. 1995)). Generally, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting 11 WRIGHT & MILLER, § 2810.1 (2d ed. 1995)).

In the Motion, Chen avers, generally, that "the conclusions made in support of the Court's decision do not support its announced order and in fact support plaintiff's position." ECF 58 at 2. Chen also contends that the "Order" of March 14, 2018 (ECF 57) "should be amended to correct an apparent editing error which appears at page 42 in the 'Proof of Discrimination' section of the Opinion that was left mostly blank." *Id.* at 1. For reasons unknown to the Court, in filing the Memorandum Opinion on CM/ECF, the final paragraph of part III.B.3.a of the Discussion shifted from page 42 to page 43. However, this is not a matter of substance; no text was lost or omitted from the Memorandum Opinion. Rather, text that should have been on page 42 merely moved to page 43.

Additionally, Chen argues that the Court incorrectly "uses the phrase 'communication [skills]' instead of 'language problem'" when referring to evidence presented by the parties in

connection with the summary judgment motion. *See* ECF 58 at 1. Chen asserts that "the individual (Steffen) who was responsible for the national origin discriminatory retaliation of Mr. Chen was also the individual who 'reported his conversation with Chen in citing his accent as 'a language problem.'" *Id.* at 3 (citing ECF 50-12).

Chen is referencing an email sent from Steffen to Zombro on November 16, 2011 (ECF 50-12 at 12), in which Steffen wrote, *inter alia*, *id*: "Mr. Chen requested that Mr. David Sharp, be called to mediate, because he had a *language problem*. He stated that I said at staff meeting that David Sharp would mediate personnel issues where language problems were the issue. I have no recollection of ever suggesting this odd protocol." (Emphasis added). As I noted in my Memorandum Opinion, *see* ECF 56 at 41: "From this email, Chen argues that Steffen said plaintiff's accent constituted a 'language problem.'" (Citing ECF 50 at 19).

Additionally, Chen argues that "the Order should be amended" because Footnote 31 of the Memorandum Opinion "mistakenly uses the word 'questionable'" when referring to statistical analysis conducted by Chen in his opposition to the summary judgment motion. *See* ECF 58 at 1 (citing ECF 56 at 49 n.31). In Footnote 31, I noted that Chen had conducted statistical analysis that relied on questionable assumptions pertaining to the national origin of other employees Chen sought to use as comparator evidence. *See* ECF 56 at 49 n.31 (citing ECF 50 at 24-25). Specifically, Chen had stated that "the percentage of Asian employees in the statewide workforce was used to calculate [the] number of Asian employees at MDHMH who received an 'Unsatisfactory' performance review." ECF 50 at 25. In any event, I did not reach the issue of comparator evidence because the record before me clearly demonstrated that defendants terminated Chen because he had failed to meet reasonable expectations pertaining to his professionalism and job performance.

4

The Motion also argues that "the Maryland Court of Special Appeals' decision to uphold plaintiff's suspensions . . . was late and opaque . . . ." ECF 58 at 1-2. Even assuming this was a valid point, it is immaterial. I relied on the factual record presented by the parties, not the decision of the Maryland Court of Special Appeals.

For the foregoing reasons, I shall deny the Motion. An Order follows.


Date: April 24, 2018            /s/
                                Ellen Lipton Hollander
                                United States District Judge